JOHNSON vs. LEWIS.

1. J. gave his note to L. for fifty dollars, part of the price of an improvement on the public land. The vender warranted and defended " said claim from all future claims or preemption rights, and if any future claim should preemption the claim, to pay the vendor $300." The claim was supposed to contain 160 acres. Held, that evidence that the claim was divided by the Platte River, and that the land officer refused to permit J. to enter the portion on one side of the river does not shew a failure of consideration.

2. If J. have any remedy, it is on the warranty.

ERROR to Platte Circuit Court.

SCOTT, J., *delivered the opinion of the Court.*

In September, 1844, Johnson sued Lewis on a note for fifty dollars, by petition in debt in the Circuit Court of Platte County, by which Lewis promised to pay Johnson fifty dollars, to be discharged in hemp and pork at the market price. The note, it seems, was given as part of the price of an improvement on the public lands supposed to be a quarter section, the entire price of which was $300. The vender of the improvement warranted and defended the " *said claim from all future claims or preemption rights, and if any future claim should preemption the claim,*" the vendor bound himself to pay the vendee $300. Lewis, under notice, gave evidence that the improvement sold to him was divided by the Platte river. He had been put in possession of the whole tract, but that upon applying to enter the portion of it lying on the opposite side of the river, he had been refused. Under instructions from the Court, the jury found for the defendant, and the plaintiff has appealed to this Court.

The reason for the finding was, that there was a failure of the consideration of the note. We do not conceive that there was any failure of the consideration. The defendant, Lewis, was put in possession of the entire improvement which he purchased from Johnson. It does not appear but that he could have entered the land had application been made in time. Nor, does it appear that another had any preemption on the claim. The wilful refusal of the officer to permit Lewis to enter the land cannot affect Johnson. The only injury Lewis has sustained, if any, has resulted from a breach of the warranty made by Johnson, for

which he may bring his action.    There is nothing in the record showing any failure of consideration.

. The other judges concurring, the judgment will be reversed, and the cause remanded.